UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSE MANUEL OLIVERA, Individually and on behalf of all others similarly situated, | CLASS ACTION COMPLAINT<br>JURY TRIAL DEMANDED |
| Plaintiff, | |
| vs. | |
| TRANSOCEAN, LTD., BP, p.l.c., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, NIC., TRANSOCEAN DEEPWATER, INC., BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, INC., CAMERON INTERNATIONAL CORPORATION F/K/A COOPER CAMERON CORPORATION, BP AMERICA, INC., and NALCO HOLDING COMPANY, | |
| Defendants. | |
| _____/ | |

## CLASS ACTION COMPLAINT

Plaintiff, by and through undersigned counsel, brings this action on its own behalf and on behalf of a Class of persons defined below against Defendants, TRANSOCEAN, LTD., BP, p.l.c., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, NIC., TRANSOCEAN DEEPWATER, INC., BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, INC., CAMERON INTERNATIONAL CORPORATION F/K/A COOPER CAMERON CORPORATION and BP AMERICA, INC., and for Complaint alleges, upon information and belief and based on the investigation to date of its counsel, as follows:

## INTRODUCTION

1.      This is a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiff and the Class Members as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of the oil rig Deepwater Horizon (hereinafter Deepwater Horizon or Oil Rig) on April 20, 2010. Approximately 19,000 barrels per day of crude oil have been leaking from the oil well upon which the Deepwater horizon was performing completion operations, and from the pipe connected to it (drill stack). The fast-moving oil slick has already caused detrimental effects upon the Gulf of Mexico and Florida marine environment, coastal environment and estuarine areas, which are used by Plaintiff and all others similarly situated various activities, including fishing and other income producing activities.

## THE PARTIES

2.      Plaintiff, JOSE MANUEL OLIVERA, resides in Marathon, Florida and is a fisherman, commercially licensed by the State of Florida, with over 7,000 certificates for stone crab fishing and over 1,400 certificates for lobster fishing. Plaintiff derives his income primarily from harvesting lobster and crab in the waters around Marathon including the Gulf and Mexico.

3.      Defendant, TRANSOCEAN, LTD., (Transocean, Ltd.), is a foreign corporation doing business in the State of Florida.

4.      Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (Transocean Offshore), is a foreign corporation doing business in the State of Florida.

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

2

5. Defendant, TRANSOCEAN DEEPWATER, INC., (Transocean Deepwater), is a foreign corporation doing business in the State of Florida.

6. Defendant, BP, p.l.c. (BP), is a foreign corporation doing business in the State of Florida.

7. Defendant, BP PRODUCTS NORTH AMERICAN, INC., (BP Products), is a foreign corporation doing business in the State of Florida.

8. Defendant, BP AMERICA, INC., (BP America), is a foreign corporation doing business in the State of Florida.

9. Defendant, HALLIBURTON ENERGY SERVICES, INC., (Halliburton), is a foreign corporation doing business in the State of Florida.

10. Defendant, CAMERON INTERNATIONAL CORPORATION f/k/a COOPER-CAMERON CORPORATION (Cameron), is a foreign corporation doing business in the State of Florida.

11. Defendant, NALCO HOLDING COMPANY (Nalco), is a foreign corporation doing business in the State of Florida.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this class action pursuant to (1) 28 U.S.C. §1332, as the amount exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action brought by a citizen of a State that is different from the State where at least one of the Defendants is incorporated or does business; (2) 28 U.S.C. §28 U.S.C. § 1331 because the claims asserted herein arise under the laws of the United States

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

3

of America including the laws of the State of Florida which have been declared, pursuant to 43 U.S.C. § 1331 (f)(1) and § 1333 (a)(2), to be the law of the United States for that portion of the outer Continental Shelf from which the oil spill originated; and (3) 43 U.S.C. § 1331(a) which extends exclusive Federal jurisdiction to the outer Continental Shelf.

13. Venue in the Judicial District is proper pursuant to 28 U.S. C. § 1391 (a) as a substantial part of the events giving rise to the claim occurred and a substantial part of property that is the subject of this action is situated in this Judicial District.

## FACTUAL ALLEGATIONS

14. Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig which was performing completion operations for BP, BP Products and BP America on the outer Continental Shelf at the site from which the oil spill now originates.

15. BP, BP Products and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production related operations at the site of the oil spill and on April 20, 2010 operated the oil well that is the source fo the oil spill.

16. Upon information and belief, Cameron manufactured and/or supplied that Deepwater Horizon's blow-out-preventers "BOPs" that failed to operate upon the explosion which would have prevented the oil spill. The BOPs were defective because they failed to operate as intended.

Law Offices of Hunter, Williams & Lynch, P.A.
Gables Square, Suite 1150, 75 Valencia Avenue, Coral Gables, FL 33134 ● (305) 371-1404 ● Fax (305) 371-1307

4

17. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

18. At all times material hereto, the Deepwater Horizon, its sinking and the resulting oil spill were caused by the negligence of Defendants (except Nalco) which renders them liable jointly and severally to Plaintiff and all others similarly situated for damages.

19. The injuries and damages suffered by Plaintiff and the Class Members were caused by violations of numerous statutes and regulations including but not limited to, statutes and regulations issued by OSHA, EPA and the United States Coast Guard including the requirement to test the sub-sea BOPs at regular intervals.

20. Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiff, the Class Members, Florida and the Gulf of Mexico marine and coastal environment and estuarine areas and the Coastal Zone where Plaintiff and the Class Members conduct their business and earn a living.

21. Upon information and belief, Defendants, Transocean, Ltd., Transocean Offshore, Transocean Deepwater, BP, BP Products, BP America, Halliburton and Cameron intentionally and recklessly chose not to install appropriate safety measures on the Deepwater Horizon that, if installed, would have prevented or minimized the amount of oil spilled into the Gulf of Mexico.

22. The spilled oil is causing dangerous environmental contamination of the Gulf of Mexico and its shorelines and Florida's sensitive marine, wetland and estuarine areas.

Law Offices of Hunter, Williams & Lynch, P.A.
Gables Square, Suite 1150, 75 Valencia Avenue, Coral Gables, FL 33134 ● (305) 371-1404 ● Fax (305) 371-1307

5

The size, depth and toxicity of the spill has been increased by the intentional addition of solvents.

23.   Defendant, Nalco, manufactures and produces Corexit "a solvent sold as a dispersant for oil spills. Corexit is comprised of hydro treated light petroleum distillates propylene glycol and a proprietary organic sufonic acid salt.

24.   Corexit is defective and unreasonably dangerous in that it enhances the range and depth of the oil spill and is toxic to marine life.

25.   At all times material hereto, the Defendant, Nalco, knew that Corexit would be used in large quantities in the event of an oil spill the size of th BP Gulf oil spill and that, as used, it would be highly toxic and destructive to marine life including lobster and stone crabs in the Florida Keys.

## CLASS ACTION ALLEGATIONS

26.   Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed Plaintiff class. The proposed class is initially defined as:

> All Florida businesses and citizens who derive income from the harvesting of lobsters and stone crabs and who have sustained any legally cognizable loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon mobile offshore drilling ring and the oil spill resulting therefrom.

27.   *Numerosity of the Class* - Fed. R. Civ. 23(a)(1): The members of the proposed class are so numerous that separate joinder of each member is impracticable. Pursuant to Local Rule 23.1, Plaintiff estimates the approximate size of the class to be in

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

6

excess of one thousand. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

28.  *Predominance of Common Questions of Fact and Law* - Fed. R. Civ. P. 23(a)(2): Common questions of fact and law predominate over the questions affecting only individual class members. These common factual questions include, but are not limited to, the following:

   a. Whether, and to what extent, Defendants caused and/or contributed to the fire, explosion and continuous oil spill;

   b. Whether Defendants' actions were negligent:

   c. Whether the fire, explosion and oil spill have caused environmental or other damage;

   d. Whether, and to what extent, Defendants engaged in abnormally dangerous activities for which they are strictly liable;

   e. Whether Defendants negligently maintained and/or operated the mobile offshore drilling unit Deepwater Horizon;

   f. Whether Defendants negligently failed to take reasonable measures to contain the oil spill;

   g, Whether Defendants collectively and/or individually owed a duty to Plaintiff and the proposed class it seeks to represent to maintain the Deepwater Horizon and/or to conduct drilling operations in a manner so as to prevent the discharge and/or substantial threat to discharge of oil into or upon the Gulf of Mexico and/or the shore of Florida;

   h. Whether Defendants are strictly liable to Plaintiff and the Class Members;

   I. Whether Corexit is defective and unreasonably dangerous;

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

7

  j. Whether Plaintiffs and proposed class members were injured by the Defendants' acts or omissions, and, if so, the appropriate class-wide measure of damages.

29. *Typicality* - Fed. R. Civ. P. 23(a)(3): Plaintiff's claims are typical of the claims of the proposed Class because Defendants engaged in a common course of conduct that gave rise to the claims of Plaintiff and all proposed Class Members and the claims are based on the same legal theories.

30. *Adequacy of Representation* - Fed. R. Civ. P. 23(a)(4): Plaintiff will fairly and adequately represent and protect the interests of the class because (I) Plaintiff has retained counsel experienced in the prosecution of such litigation and counsel will adequately represent the interests of the class, (ii) Plaintiff and counsel are aware of no conflicts of interest between Plaintiff and absent class members or otherwise; and (iii) Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

Plaintiff is representative of the proposed class because his interests do not conflict with the interest of the members of the class he seeks to represent. Plaintiff adequately and truly represents the interests of the members of the absent class members. Plaintiff and all Class members have been damaged by reason of the Defendants' conduct. The interests of Plaintiffs are coextensive with the interests of the proposed class members, with common rights of recovery based on the same essential facts. Plaintiffs have retained counsel

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

8

competent and experienced in complex environmental class action litigation and Plaintiff intends to pursue this action vigorously. Plaintiff and their counsel will fairly and adequately protect the interests of the members of the proposed class.

31.     This action has been brought and may be properly maintained pursuant to the provisions of Fed. R. Civ. P. 23(b)(2) and (b)(3) and the case law there under.

32.     *Superiority* - A class action provides a fair and efficient method of adjudicating this controversy and is superior to the other available methods of adjudication in that (i) neither the size of the class, nor any other factor, make likely that difficulties will be encountered in the management of this class as a class action; (ii) the prosecution of separate actions by individual class members, or the individual joinders of all class members in this action is impracticable and would create a massive and unnecessary burden on the resources of the Courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each member of the class, (iii) because of the disparity of resources available to Defendants versus those available to individual class members, prosecution of separate actions would work a financial hardship on may class members, and (iv) the conduct of this action as a class action conserves the resources of the parties and the Court system and protects the rights of each member of the class and meets all due process requirements as to fairness to all parties. A class action is also superior to maintenance fo these claims on a claim by claim basis when all actions arise out of the same circumstances and course of conduct.

Law Offices of Hunter, Williams & Lynch, P.A.
Gables Square, Suite 1150, 75 Valencia Avenue, Coral Gables, FL 33134 ● (305) 371-1404 ● Fax (305) 371-1307

9

## COUNT I-NEGLIGENCE

33.     Plaintiff, JUAN MANUEL OLIVERA, readopts and realleges the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

34.     The fire, explosion, and resulting oil spill was caused by the concurrent negligence of all the Defendants (except Nalco).

35.     Defendants owed a duty of reasonable care to Plaintiff in the operation and maintenance of Deepwater Horizon.

36.     Defendants breached this duty by:

    a.     Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in continuous oil spill;

    b.     Failing to properly inspect the Deepwater Horizon to insure that its equipment was fit for its intended purpose;

    c.     Acting in a careless and negligent manner without due regard for the safety of others;

    d.     Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

    e.     Operating the Deepwater Horizon with untrained and unlicensed personnel;

    f.     Failing to take appropriate action to avoid or mitigate the accident;

    h.     Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

    i.     Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

Law Offices of Hunter, Williams & Lynch, P.A.
Gables Square, Suite 1150, 75 Valencia Avenue, Coral Gables, FL 33134 ● (305) 371-1404 ● Fax (305) 371-1307

10

    k.    Failure to timely warn;

    l.    Failure to timely bring the discharge of oil under control;

    m.    Failure to provide appropriate accident prevention equipment;

    n.    Failure to observe and read gauges that would have indicated excessive pressures in the well;

    o.    Failure to react to signs of danger;

    p.    Providing BOPs that did not work as intended;

    q.    Conducting well and well cap cementing operations improperly;

    r.    Acting in a manner that justifies punitive damages;

    s.    Such other acts of negligence and omissions as will be shown at the trial of this matter, all of which acts are in violation of th laws of Florida and Federal law.

37. In addition, and in the alternative, the fire, explosion, sinking and resulting oil spill were caused by defective equipment, including but not limited to BOPs which were in the care, custody, and control of Defendants. Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

38. In the alternative, Plaintiffs reallege each and every allegation set forth above, as though set forth herein aver the applicability of th doctrine of res ipsa loquitor.

39. Plaintiffs are entitled to a judgment finding Defendants liable fore damages suffered as result of Defendants' negligence and/or wantonness and awarding Plaintiffs adequate compensation therefore in amounts determined by the trier of fact.

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

11

# COUNT II
## STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY

40. Plaintiff, JUAN MANUEL OLIVERA, readopts and realleges that th allegations set forth in paragraph 1 through 25 as though fully set forth herein.

41. Defendants (except Nalco), as the owners and/or operators of the Deepwater Horizon, engaged in abnormally dangerous activities resulted in the international, incidental or accidental fire, explosion, sinking and resulting oil spill from the deepwater horizon mobile offshore drilling unit, which(s) created a high degree of risk of harm to others, and particularly to Plaintiffs: (b) created a risk involving a likelihood that the harm threatened by Defendants's activities would be great; (c) created a risk of harm that could not be eliminated by the exercise of reasonable care; (d) were not a matter of common usage; (e) were inappropriate to the place that they were being carried on, in that they constituted a non-natural use of Defendants' oil lease which imposed an unusual and extraordinary risk of harm to Plaintiffs'.

42. As a direct and proximate result of Defendants' conduct in engaging in the abnormally dangerous activities alleged above, substantial amounts of crude oil have been released from the well leased by BP. The harm sustained by Plaintiffs is exactly the kind of harm posed, the possibility of which made Defendants' activities abnormally dangerous.

43. Plaintiffs are entitled to a judgment finding Defendants liable for damages, including punitive damages, suffered as a result of Defendants's abnormally dangerous

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

12

activities and awarding Plaintiffs adequate compensation therefore in amounts determined by the trier of fact.

## COUNT III
## STRICT PRODUCTS LIABILITY FOR PRODUCT DEFECT
## (CAMERON AND NALCO)

44. Plaintiff, JUAN MANUEL OLIVERA, readopts and realleges the allegations set forth in paragraph 1 though 25 as though fully set forth herein.

45. Defendant Cameron manufactured and/or supplied the Deepwater Horizon's BOPs.

46. Defendant Cameron's BOPs failed to operate properly or at all, at the time of or following the explosion, and this failure caused or contributed to the oil spill.

47. Defendant Cameron's BOPs were defective because they failed to operate as intended.

48. As a result of the BOPs' product defect, oil was released from the Deepwater Horizon mobile shore drilling unit thereby causing injury to Plaintiffs and the proposed class.

49. The Defendant Nalco manufactured and supplied Corexit which was defective and unreasonably dangerous in that it increased the size, depth and toxicity of the oil spill.

50. As a direct and proximate result of the product defects, Plaintiff and the class has incurred damages in an amount to be determined by trial.

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

13

## COUNT IV
## STRICT LIABILITY PURSUANT TO FLORIDA STATUTES §376.313

51. Plaintiff, JUAN MANUEL OLIVERA, readopts and realleges the allegations set forth in paragraph 1 through 25 as though fully set forth herein.

52. At all relevant times, Defendants, all except Nalco owned, operated and/or maintained the mobile offshore drilling unit Deepwater Horizon which caught on fire and exploded on April 20, 2010 following the explosion and fire, the Deepwater Horizon sunk resulting in the continuous discharge of crude oil from the well upon which the rig had been performing completion operations.

53. At all relevant times, Defendants had a statutory duty to Plaintiffs and class members to maintain and operate the Deepwater Horizon so as to not create or continue hazardous conditions due to the discharge or pollutants as defined by Florida Statute §376.301(10), §376.301(11) and §376.301(13).

54. At all times, Defendants breached their statutory duty to the Plaintiff and class members by discharging, or allowing to be discharged, crude oil and dispersants into and upon the Gulf of Mexico and allowing a massive oil spill to migrate into the Florida's marine environment, coastal environment and estuarine areas, used by Plaintiff and the Class for commercial fishing, in violation of Florida Statutes §376.313(3), Florida Statutes which provides:

> ...nothing contained in ss. 376.30-376.317 prohibits any person from bringing a cause of action in a court of competent jurisdiction for all damages resulting from a discharge or other condition of pollution covered by ss. 376.30-376.317. Nothing

Law Offices of Hunter, Williams & Lynch, P.A.
Gables Square, Suite 1150, 75 Valencia Avenue, Coral Gables, FL 33134 ● (305) 371-1404 ● Fax (305) 371-1307

14

> in this chapter shall prohibit or diminish a party's right to contribution from other parties jointly or severally liable for a prohibited discharge of pollutants or hazardous substances or other pollution conditions. Except as otherwise provided in subsection (4) or subsection (5), in any such suit, it shall not be necessary for such person to plead or prove negligence in any form or manner. Such person need only to plead and prove the fact of the prohibited discharge or other pollutive condition and that it occurred.

55. As a direct and proximate result of Defendants' breach of statutory duty to the Plaintiff, the oil spill originating from the Deepwater Horizon has resulted in detrimental effects upon the Gulf of Mexico and Florida's marine environment, coastal environment and estuarine areas which are used by Plaintiff and the class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUAN MANUEL OLIVERA, individually and on behalf of the proposed class, prays for the Court to:

A. Enter an order certifying a class action pursuant to Federal Rules Civil Procedure Rule 23(a), (b) (2) and (b)(3) consisting of the class identified herein and directing that appropriate notice to class members be delivered;

B. Designate Plaintiff as representative of the proposed class and designate its counsel as class counsel;

C. Enter judgment in favor Plaintiff and the Class and against all Defendants;

D. Award Plaintiff and the Class Members' restitution, actual, statutory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereon;

E. Provide such further relief as the Court deems just and proper.

LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

15

## **JURY DEMAND**

_____Plaintiff, JOSE MANUEL OLIVERA, individually and on behalf of the Plaintiff Class Members hereby demands a trial by jury as to all issues so triable.

DATED:     May 28, 2010.

>DeVANE & DORL, P.A.
>Suite 12 First Professional Centre
>5701 Overseas Highway
>Marathon, FL 33050

>- and -

>  s:/Christopher J.  Lynch
>HUNTER, WILLIAMS & LYNCH, P.A.
>Gables Square - Suite 1150
>75 Valencia Avenue
>Coral Gables, FL 33134
>clynch@hunterwilliamslaw.com

**LAW OFFICES OF HUNTER, WILLIAMS & LYNCH, P.A.**
GABLES SQUARE, SUITE 1150, 75 VALENCIA AVENUE, CORAL GABLES, FL 33134 ● (305) 371-1404 ● FAX (305) 371-1307

16